# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KATHARINE MARIE STALICK,** ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> **ALFALFA COUNTY DISTRICT COURT** ) <br> **JUDGE LOREN ELIC ANGLE,** ) <br> **ASSISTANT DISTRICT ATTORNEY'S** ) <br> **BRIAN EDWIN MITCHELL, AND** ) <br> **JEREMY TODD BAYS, CLERK TAMMI** ) <br> **WAGGONER MILLER, AND SHERIFF** ) <br> **GARY JOWAYNNE MAST,** ) <br> ) <br> **Defendants.** ) | Case No. _____ |

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
## (Rehabilitation Act § 504 / Constitutional Access to Courts / 42 U.S.C. § 1983)

Plaintiff respectfully moves ex parte for emergency injunctive relief pursuant to Fed. R. Civ. P. 65(b).

1. Plaintiff is subject to an active failure-to-appear bench warrant and bond forfeiture issued by an Oklahoma state district court in Alfalfa County.

2. Plaintiff has never been properly served, denied filings, has never been arraigned, and appeared specially in state court solely to contest jurisdiction and preserve rights.

3. Plaintiff has a documented medical disability that substantially limits the ability to appear in person, travel, or physically file documents.

4. Plaintiff requested reasonable accommodations, including remote participation, in the state court proceedings. No interactive process occurred.

5. Despite notice of disability-related access limitations and pending jurisdictional defects, the state court proceeded and issued enforcement actions.

6. Enforcement of the bench warrant presents imminent irreparable harm, including loss of liberty, medical risk, and denial of meaningful access to the courts.

7. Plaintiff seeks only to preserve the status quo pending disability-compliant proceedings and jurisdictional review.

REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

A. Temporarily restrain enforcement of the state-court bench warrant and bond forfeiture;

B. Prohibit arrest, detention, or bond enforcement related to the state case pending further order;

C. Ensure disability-compliant access to the courts, consistent with Section 504 of the Rehabilitation Act, Judicial Conference policy, and due process; and

D. Set an expedited hearing if necessary.

Immediate relief is required because irreparable harm will occur before Defendants can be heard.

Respectfully submitted,

_____
Katharine Marie Stalick, Plaintiff, Pro Se /s/Katharine Marie Stalick, Plaintiff, Pro Se
DOJVictim@proton.me
Dated: January 07, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the 07th Day of January, 2026, a true and correct copy of the foregoing document was served upon and filed with the United States District Court for the Western District of Oklahoma. Pursuant to Fed. R. Civ. P. 65(b), the foregoing document is submitted ex parte due to the risk of immediate and irreparable harm. Notice has not yet been provided to Defendants. I further certify, should the Court issues Temporary Restringing Order or otherwise direct service, I will promptly serve Defendants by method authorized by the Court. Executed on the 07th Day of January, 2026.

_____

Katharine Marie Stalick, Plaintiff, Pro Se Executed on the 07th Day of January, 2026.
/s/Katharine Marie Stalick, Plaintiff, Pro Se Executed on the 07th Day of January, 2026.
DOJVictim@proton.me