IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHARINE MARIE STALICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> ALFALFA COUNTY DISTRICT ) <br> JUDGE LOREN ELIC ANGLE, ) <br> ASSISTANT DISTRICT ) <br> ATTORNEY'S BRIAN EDWIN ) <br> MITCHELL, AND JEREMY ) <br> TODD BAYS, CLERK TAMMI ) <br> WAGGONER MILLER, ) <br> AND SHERIFF GARY ) <br> JOWAYNNE MAST, ) <br> ) <br> Defendants. ) | Case No. 26-CV-29-D |

## ORDER

On January 7 and 8, 2026, Plaintiff submitted a Motion for Emergency Temporary Restraining Order (Doc. No. 1) and Declaration (Doc.No. 1-1) to various email boxes associated with the Western District of Oklahoma. The undersigned directed the Clerk of Court to accept the documents for filing.[1] Upon consideration of the motion, the Court orders as follows.

---

[1] In the Declaration Regarding Medical Limitations and Access (Doc. No. 1-1), Plaintiff represents that "[t]imely physical filing and in-person appearances pose a serious risk" to her health. *Id.* at p. 1. The rules of the Court do not permit the filing of documents via e-mail; Ms. Stalick was previously advised by the Clerk of Court that she could mail her filings to the Court. Although there is no Complaint provided to the Court as an initiating document, to avoid the continued deluge of emails to various court email boxes, the motion was accepted for filing and resolution.

In the motion Plaintiff asserts she is subject to an active failure-to-appear bench warrant and bond forfeiture issued by the District Court of Alfalfa County.[2] She alleges she "has never been properly served, denied filings, has never been arraigned, and appeared specially in state court solely to contest jurisdiction and preserve rights." (Doc.No. 1, p. 1). She further asserts that she requested reasonable accommodations in the state court proceedings, that no interactive process occurred, and that despite notice of her access limitations and the jurisdictional defects in the case, the state court nevertheless proceeded. *Id.* at p. 2. She requests that this Court temporarily restrain enforcement of the bench warrant and bond forfeiture orders from Alfalfa County and prohibit her arrest or detention.

Pursuant to *Younger v. Harris*, 301 U.S. 37 (1971), "a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mtn., LLC*, 953 F.3d 660, 669-70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). The application of *Younger* is jurisdictional and non-

---

[2] The Court takes judicial notice of the *State of Oklahoma v. Stalick*, CM-2025-17, pending in the District Court of Alfalfa County before the Honorable Loren E. Angle. Plaintiff is charged with assault and battery. The docket in that case indicates that Ms. Stalick appeared in court on July 30, 2025, August 27, 2025, October 1, 2025, and November 6, 2025. She failed to appear on December 3, 2025. On January 7, 2026, she again failed to appear and a bench warrant was issued.

discretionary; the issue may be raised *sua sponte*. *Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F.Supp. 3d 1206, 1216 (D.N.M. 2015).

*Younger*'s application is limited to three categories of cases, including criminal prosecutions. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). If a state court proceeding falls into one of these three categories, the Court may analyze the propriety of abstention. *Bivings v. Paprzycki*, 2025 WL 3687800, * 2 (10th Cir. Dec. 19, 2025). In doing so the Court considers three conditions, "whether there is (1) an ongoing state judicial . . . proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings." *Id.* (quoting *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024)(internal quotation marks omitted)).

Here there is an ongoing state prosecution, as noted above. Furthermore, the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff has the opportunity to raise the issue of her disability and the need for accommodations in her criminal prosecution. She indicates she has raised the issues and that the state

court has not agreed to honor her requests.[3] "*Younger* requires only the availability of an adequate state-court forum, not a favorable result in the state forum." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).

For these reasons, the Court must abstain from exercising jurisdiction and Plaintiff's request for Emergency Temporary Relief is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED this 8th day of January 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] The docket entry for November 6, 2025, in Case No. CM-2025-00017 indicates that Ms. Stalick's request to file pleadings by email was denied.